■      MARK PAGE et al., Appellants, v. DONALD L. LALOR et al., Respondents. — In an action to recover damages for personal injuries, loss of services and medical expenses, plaintiffs appeal from two orders of the Supreme Court, Nassau County, entered August 26, 1964 and October 27, 1964 which: (1) directed plaintiff Mark Page to submit to a further pretrial examination; and (2) dismissed his complaint for failure to appear as directed and denied his cross motion for a stay of all proceedings pending the appeal from the first order. Order entered August 26, 1964, affirmed, without costs. Order entered October 27, 1964, modified by inserting a provision that defendants' motion be granted unless plaintiff Mark Page submits to a pretrial examination upon 10 days' written notice. As so modified, order affirmed, with $10 costs and disbursements. Special Term did not abuse its discretion by directing that plaintiff Mark Page appear for examination. The abortive examination of May 11 (two days before plaintiffs filed their statement of readiness) was really no

examination at all. Although defendants' attorney had no right to ask the question which caused the collapse of the May 11 examination, there was an outstanding order of the court directing Mark Page to submit to a limited examination before trial. Therefore, unless the court ordered a continuation of the May 11 examination, defendants would be unduly prejudiced at the trial (see Special Rules, App. Div. [2d Dept.], part 7, rule VII). However, in our opinion, there has been no showing that Mark Page's failure to appear was willful. He relied upon the erroneous advice of counsel. Accordingly, we hold that it was an improvident exercise of discretion to grant the harsh relief which defendants requested, namely, the unconditional dismissal of plaintiff's complaint (see *Mills* v. *Capello*, 6 A D 2d 841; *Du Bois* v. *Iovinella*, 15 A D 2d 616). Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.